UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SELAMAWIT KIFLE WOLDE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-619 (BAH) |
| ERIC HOLDER, Attorney General of the United States, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Eric Holder and Sarah Taylor, of the United States Department of Justice and the United States Citizenship and Immigration Service, by and through undersigned counsel, respectfully move this Court to dismiss this action brought by Plaintiff Selamawit Kifle Wolde, pursuant to section 310 of the Immigration and Nationality Act, 8 U.S.C § 1421(c), on the grounds that the Plaintiff has failed to state a claim upon which relief can be granted.

Dated: July 30, 2014
Washington, DC

Respectfully submitted,


STUART F. DELERY
Assistant Attorney General
Civil Division

COLIN A. KISOR
Acting Director
Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Assistant Director

*/s/ Hans H. Chen*
HANS H. CHEN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 307-4469
(202) 305-7000 (facsimile)
hans.h.chen@usdoj.gov


RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/_____
    WYNNE P. KELLY
    Assistant United States Attorney
    555 4th Street, NW
    Washington, DC 20530
    (202) 252-2545
    wynne.kelly@usdoj.gov

*Attorneys for the Respondents*

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELAMAWIT KIFLE WOLDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-619 (BAH) |
| ) | |
| ERIC HOLDER, Attorney General of the ) | |
| United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Eric Holder and Sarah Taylor ("the Defendants"), United States Attorney General and District Director of the United States Citizenship and Immigration Services ("USCIS") respectively, by and through counsel, respectfully move this Court to dismiss the complaint on behalf of the Defendants.

Plaintiff Selamawit Kifle Wolde ("Ms. Wolde" or "Plaintiff") is an Ethiopian national who entered the United States on a diversity visa. She has filed this action alleging that USCIS wrongfully denied her request for naturalization and challenges the ruling pursuant to section 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c). USCIS denied her application for naturalization because it found that Ms. Wolde had not lawfully entered the United States, as she materially misrepresented herself when she claimed that she did not have any children on her Application for Immigrant Visa and Alien Registration, Form DS-230. (Compl. ¶ 7-8 & Ex. 2).

3

Plaintiff's material misrepresentation means that she did not lawfully enter the United States. USCIS, therefore, properly denied her application for naturalization. Because Plaintiff was not lawfully admitted and USCIS properly denied her request for naturalization, Plaintiff has failed to state a claim upon which relief can be granted. For this reason, the Court should grant Defendants' Motion to Dismiss.

### FACTS

Ms. Wolde is an Ethiopian national who was admitted to the United States as a lawful permanent resident. (Compl. ¶¶ 1, 6, 11.) Ms. Wolde entered as a principal diversity visa immigrant after entering and winning the 2005 diversity visa lottery. (*Id.* ¶¶ 6, 7.) The diversity visa lottery grants immigrant visas to residents of certain countries who have been selected in an annual lottery conducted by the United States Department of State ("the State Department") and who then meet the procedural and admissibility requirements for immigrant visas. Individuals enter the diversity visa lottery by submitting diversity visa lottery petitions. *See* 8 U.S.C. §§1153(c), 1153(e)(2), 1154(a)(1)(I); 22 C.F.R. § 42.33; 68 Fed. Reg. 51627-02 (Aug. 27, 2003) (describing parameters and rules of 2005 diversity visa).

Ms. Wolde entered the 2005 diversity visa lottery by submitting a Form DS-230, diversity visa lottery petition, on July 6, 2004. (Compl. ¶ 7 & Ex. 2.) When Ms. Wolde saw the instruction on the Form DS-230 which requests the names, ages, and addresses of all children, Ms. Wolde wrote "N/A." (*Id.* ¶¶ 6, 8 & Ex. 2 at 2.) Plaintiff, however, had a daughter, Arsema Abathun Demeke ("Ms. Demeke") at the time she filed the application. (*Id.* ¶ 6.) Ms. Demeke is the daughter of Plaintiff and her current husband, Abathun

Demeke Almaw ("Mr. Almaw").   Wolde now claims that omission resulted from her misunderstanding of the diversity visa lottery instructions.  (*Id. ¶* 8.)

On December 13, 2004, a consular officer at the United States embassy in Addis Ababa, Ethiopia, interviewed Ms. Wolde and her prior husband, Zelalem Alamerew Mengesha ("Mr. Mengesha"), about her diversity visa application.  (Compl. ¶ 10.)  At the interview, the consular officer asked Ms. Wolde and Mr. Mengesha how many children they had.  Ms. Wolde again failed to mention her daughter.  (*Id.* ¶ 11.)  Ms. Wolde now claims she and Mr. Mengesha said they had no children because Mr. Mengesha is not the father of Ms. Demeke, and because Ms. Wolde and Mr. Mengesha thought they were asked about only the children they had had together.  (*Id.* ¶¶ 6, 10.)  As a result, on December 29, 2004, the consulate issued Ms. Wolde a diversity visa and issued Mr. Mengesha a derivative diversity visa.  (*Id.* ¶ 11.)  Ms. Wolde and Mr. Mengesha entered the United States as lawful permanent residents on February 23, 2005.  (*Id.*)

On February 23, 2006, Ms. Wolde submitted a visa petition for Ms. Demeke as an immediate family relative.  (*Id.* ¶ 12.)  The petition was approved, and Ms. Demeke entered the United States on May 31, 2010.  (*Id.*)  Plaintiff then filed a visa for her subsequent husband and Ms. Demeke's father Mr. Almaw, which was approved on February 27, 2014.  (*Id.* ¶ 13).

On January 5, 2010, Ms. Wolde submitted a Form N-400, Application for Naturalization ("N-400").  (Compl. ¶ 14 & Ex. 1.)  On April 2, 2012, USCIS denied Ms. Wolde's N-400 because she had not been lawfully admitted for permanent residence, since she had concealed the existence of her child on her diversity visa application and at her consular interview.   That material misrepresentation, USCIS found, constituted

immigration fraud, rendering her inadmissible and therefore ineligible to be lawfully accorded status as a permanent resident.  (*Id.* ¶ 15 & Ex. 4.)  On July 13, 2012, Ms. Wolde filed a Form N-336, Request for a Hearing, with USCIS.  (*Id.* ¶ 16 & Ex. 5.)  On December 20, 2013, USCIS issued a final decision denying Ms. Wolde's N-400.  (*Id.* ¶ 17 & Ex. 6.)  Ms. Wolde filed this action on April 15, 2014, seeking *de novo* review of USCIS's denial of her N-400, pursuant to 8 U.S.C. § 1421(c).  (*Id.* at 6 & ¶ 18.)

## Legal Standards

### A.      Rule 12(b)(6)

The court may dismiss a complaint for failing to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is proper if the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).  Thus, under Rule 12(b)(6), the court must focus on the language of the complaint and whether it sets forth sufficient factual allegations to support the plaintiff's claim for relief.  *Twombly*, 550 U.S. at 555; *see also Chung v. Chao*, 518 F. Supp. 2d 270, 273 n.3 (D.D.C. 2007).

The Court must construe the factual allegations in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the Complaint.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory

allegations that are unsupported by the pleaded facts. *Kowal*, 16 F.3d at 1276; *see also Linares v. Jones*, No. 04-0247, 2007 WL 1601725, at *6 (D.D.C. June 4, 2007).

### B.  Relevant immigration law provisions

In a naturalization proceeding, "the burden is on the alien applicant to show [her] eligibility for citizenship in every respect," and any "doubts should be resolved in favor of the United States and against the claimant." *Berenyi v. Dist. Dir.*, 385 U.S. 630, 637. Without substantive compliance with the immigration laws, grants of [legal permanent resident] status are "void ab initio" and the applicant is deemed to have unlawfully entered the United States and is therefore ineligible for citizenship. *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010). Furthermore, the Courts have the power to confer citizenship only "in strict compliance with the terms of an authorizing statute." *INS v. Pangilinan*, 486 U.S. 875, 886 (1988)). Thus, where an applicant fails to meet her burden of proof on any requirement for naturalization, she is ineligible for naturalization as a matter of law.

"No person may be naturalized unless [she] has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of the [Immigration and Nationality] Act." *Matter of Longstaff*, 716 F.2d 1439, 1441 (5th Cir. 1983). Furthermore, the Immigration and Nationality Act defines "lawfully admitted for permanent residence" as having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with all immigration laws. 8 U.S.C. § 1101(a)(20). Every circuit that has addressed the construction of "lawfully admitted" has supported the BIA's interpretation. *See Injeti v. U.S. Citizenship & Immigr. Servs.*, 737 F.3d 311, 316 (4th Cir. 2013); *Shin*, 607 F.3d at 1217; *Arellano-*

*Garcia v. Gonzales,* 429 F.3d 1183, 1186-87 (8th Cir. 2005); *Gallimore v. Att'y Gen.*, 619 F.3d 216, 223-25 (3d Cir. 2010); *Walker v. Holder*, 589 F.3d 12, 19 (1st Cir. 2009); *Estrada-Ramos v. Holder*, 611 F.3d 318, 321 (7th Cir. 2010); *De La Rosa v. U.S. Dep't of Homeland Sec.*, 489 F.3d 551, 554-55 (2d Cir. 2007); *Savoury v. Attorney Gen.*, 449 F.3d 1307, 1313 (11th Cir. 2006).

The term "lawful" is to be construed broadly.  *Matter of Longstaff*, 716 F.2d at 1441.   Critically, "admission is not lawful if it is regular only in form.   The term 'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity."  *Id.*  Simply put, "Strict compliance with all prerequisites for the acquisition of citizenship is required."  *Saleh v. U.S. Dep't of Justice*, No. 12-cv-425, 2013 WL 1288233, at *3 (E.D. La. Mar. 26, 2013) (citing *Fedorenko v. United States,* 449 U.S. 490, 522 (1981)).  An alien has not been "lawfully admitted" if her admission, at the time it was granted, was "not in substantive compliance with the immigration laws."  *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003); *Shin,* 607 F.3d at 1217.

Diversity visas are issued pursuant to 8 U.S.C. § 1153(c).  That statute calls on the State Department to administer the diversity visa lottery program and to issue visas to "qualified immigrants strictly in a random order established by the Secretary of State."  8 U.S.C. § 1153(e)(2).   Furthermore, the Immigration and Nationality Act directs the Secretary of State to issue regulations necessary to carry out the diversity visa lottery.  8 U.S.C. § 1154(a)(1)(I)(ii)(III); *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 23 (D.D.C. 2011), *aff'd, Smirnov v. Clinton*, 487 F. App'x 582 (D.C. Cir. 2012).  Specifically, the statute requires the Secretary of State to issue regulations governing the form of diversity visa

lottery petitions and the information that each petition must contain.   8 U.S.C.
§ 1154(a)(1)(I)(iii).

The State Department has issued a regulation that identities the "qualified
immigrants" entitled to diversity visas under Section 1153 and 1154.  That regulation, in
the year Ms. Wolde submitted her diversity visa petition, required lottery entrants to list
on their diversity visa petitions "[t]he name[s], date[s] and place[s] of birth and gender of
the petitioner's spouse and child[ren], if any, (including legally adopted and step-
children), regardless of whether or not they are living with the petitioner or intend to
accompany or follow to join the petitioner should the petitioner immigrate to the United
States pursuant to INA 203(c) . . ."  22 C.F.R. § 42.33(b)(1)(v) (2004).[1]   A consular
officer processing the visa application of a diversity visa lottery winner must reject the
visa applications if he discovers the alien failed, when entering the diversity visa lottery,
to list her children on her diversity visa petition.  9 Foreign Affairs Manual § 42.33 n. 5.1
("Entries lacking the required information or photos will be rejected . . ."); n.6.6(c) ("You
must deny the applications of registrants who list on their Form DS-260, Online
Application for Immigrant Visa and Alien Registration, a spouse or child who was not
included in their initial entry . . .").).[2]

---

[1]  The current edition of 22 C.F.R. § 42.33(b)(1)(v) is identical to the 2004 edition.
[2]   The requirement of diversity visa lottery entrants to disclose their children is no mere
paperwork formality.  Requiring an initial disclosure of family members allows for easier
detection of immigration fraud later in the diversity visa process.  *See* U.S. Gov't
Accountability Office, GAO-07-1174, *Border Security: Fraud Risks Complicate State's
Ability to Manage Diversity Visa Program* 21-22 (Sept. 2007).  Furthermore, Congress
has strictly capped the number of diversity visa available each year, and derivative
diversity visas issued to the spouses and children of diversity visa lottery winners count
towards that total.  *See* 8 U.S.C. § 1151(e); 8 U.S.C. § 1153(d).  By failing to disclose
immediate family members in a diversity visa lottery petition and petitioning for visas

### Argument

**A.**     **Ms. Wolde cannot naturalize because she was never lawfully admitted to permanent residence because she failed to follow diversity visa regulations.**

The Court should dismiss Ms. Wolde's claim for naturalization because she was never lawfully admitted to permanent residence because she violated diversity visa regulations by failing to list her daughter on her diversity visa lottery petition. The regulations in effect when Ms. Wolde entered the diversity visa lottery were clear: she was required to name her daughter on her diversity visa petition. *See* 22 C.F.R. § 42.33(b)(1)(v) (2004). Ms. Wolde is equally clear in her Complaint that she failed to name her daughter on her diversity visa petition. (Compl. ¶ 8 & Ex. 2 at 2.)

The Complaint, therefore, leaves no question that Ms. Wolde never lawfully acquired permanent resident status. She failed to abide by the regulation requiring her to name her daughter on her diversity visa lottery petition. That regulation, promulgated pursuant to an explicit statutory delegation of authority, carries the force of law. *See* 8 U.S.C. § 1154(a)(1)(I)(iii); *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-844 (1984). Ms. Wolde, therefore, failed to abide by all applicable immigration laws when applying to adjust status to lawful permanent resident. She, therefore, never lawfully acquired permanent resident status. *See In re Koloamatangi*, 23 I. & N. Dec. at 550; *see also Injeti*, 737 F.3d at 316; *Shin*, 607 F.3d at 1217.

---

under a separate category later, as Ms. Wolde did, diversity visa lottery winners evade the cap on diversity visa immigrants. Additionally, diversity visa holders are subject to the public charge bar to admissibility. *See* 8 U.S.C. § 1182(a)(4); 9 Foreign Affairs Manual §§ 40.41 n.5.6-3(c), 42.33 n.9, n.9.3. By failing to disclose her children, a diversity visa lottery winner hides the financial burden of caring for those children that may render her a public charge, regardless of whether the children remain in their native countries or arrive in the United States later.

**B.      Ms. Wolde cannot naturalize because she was never lawfully admitted to permanent residence because she was inadmissible.**

In addition to failing to abide by the diversity visa lottery regulation, Ms. Wolde

is also barred from lawful adjustment of status because she is inadmissible.  Ms. Wolde is

inadmissible because she did not abide by the regulations dictating the proper form of

diversity visa petitions.  Consular officials are required to deny the visa applications of

individuals who fail to list their children on their diversity visa lottery petitions.  *See* 9

Foreign Affairs Manual § 42.33 n.5.1, n.6.6(c).   The consular officer approved Ms.

Wolde's visa application only because Ms. Wolde continued to conceal her daughter's

existence during her consular interview.   (Compl. 10.)   Because Ms. Wolde did not

comply with the applicable regulation requiring her to disclose her daughter, Ms. Wolde

not one of the "qualified immigrants" entitled to a diversity visa under 8 U.S.C.

§ 1153(c).  The diversity visa she received was, therefore, not issued in compliance with

8 U.S.C. § 1153, rendering her inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(II).   Ms.

Wolde's inadmissibility creates another bar to her lawful acquisition of permanent

resident status.  *See* U.S.C. § 1255(a)(2); *United States v. Alrasheedi*, 953 F. Supp. 2d

112, 114 (D.D.C. 2013) (finding inadmissible alien ineligible for lawful permanent

resident status, which is a prerequisite to naturalization).

Ms. Wolde's failure to disclose her daughter renders her inadmissible under 8

U.S.C. § 1182(a)(7)(A)(i)(II) even without a finding of immigration fraud.  If Ms. Wolde

failed to disclose her daughter due to fraudulent intent, she would be inadmissible under

8 U.S.C. § (a)(6)(C)(i), as USCIS maintained in its denial of Ms. Wolde's naturalization

application (Pet. ¶¶ 15, 17 & Exs. 4, 6).  But Ms. Wolde's failure to abide by the diversity

visa regulations renders her inadmissible regardless of fraud because those regulations do not require fraudulent intent for denial..  That single basis of inadmissibility suffices to render Ms. Wolde's permanent residence legally defective.  *See In re Koloamatangi*, 23 I. & N. Dec. at 550; *Injeti*, 737 F.3d at 316; *Shin*, 607 F.3d at 1217; *Matter of Longstaff*, 716 F.2d at 1441.  Thus, while affirming USCIS's finding of actual fraud would raise an additional basis of inadmissibility, in this *de novo* proceeding, such a finding is not essential to the issue of inadmissibility and compliance with the substantive legal requirements for lawful permanent residence and for citizenship.

**C.      Ms. Wolde cannot excuse her failure to follow diversity visa regulations by claiming she failed to understand directions.**

Finally, although Ms. Wolde claims she failed to disclose her daughter because she misunderstood the directions for the diversity visa petition, the diversity visa regulation makes no allowance for omitted information due to misunderstood directions. Indeed, if diversity visa applicants could excuse their failure to include required information by subsequently claiming an inability to follow instructions, both the form instructions and the regulation requiring the submission of certain information would be worthless.

In any case, the instructions were perfectly clear.  Question 19 on Ms. Wolde's diversity visa lottery petition instructed her to "List Names, Dates and Places of Birth, and Addresses, of ALL children."  (Compl. Ex. 2 at 2.)  The instructions for question 19 said nothing about limiting the names of children traveling to the United States with the diversity visa lottery entrant.  Indeed, it makes no sense to limit question 19 to children traveling with the diversity visa lottery winner because question 21a asked for "Person(s)

named in 14 and 19 who will accompany you to the United States now," and question

21b asked for "Person(s) named in 14 and 19 who will accompany you to the United

States later." (*Id.*)  If question 19 were asking only for children who would be traveling

with the diversity visa lottery entrant, question 21a would be redundant.  Thus, question

19 clearly required Ms. Wolde to list all her children, while question 21b required her

again name her daughter who would immigrate later.

Because Ms. Wolde failed to abide by the regulation requiring disclosure of her

daughter, she failed to lawfully acquire her permanent resident status.  Her failure to

abide by that regulation also rendered her inadmissible, another bar to lawful permanent

residence.  Because Ms. Wolde never lawfully acquired permanent residence, she is

ineligible for naturalization.  *See* 8 U.S.C. § 1427(a); 8 U.S.C. § 1429; 8 C.F.R. § 316.2.

## CONCLUSION

The Court should dismiss the Complaint of Selamawit Kifle Wolde because her

Complaint makes clear that she failed to satisfy the statutory prerequisite to naturalization

of lawful permanent residence by failing to disclose her daughter on her diversity visa

lottery petition.

Dated: July 30, 2014
Washington, DC

Respectfully submitted,


STUART F. DELERY
Assistant Attorney General
Civil Division

COLIN A. KISOR
Acting Director
Office of Immigration Litigation
District Court Section

JEFFREY S. ROBINS
Assistant Director

*/s/ Hans H. Chen*
HANS H. CHEN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 307-4469
(202) 305-7000 (facsimile)
hans.h.chen@usdoj.gov


RONALD C. MACHEN JR., D.C. Bar
#447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:            /s/
     WYNNE P. KELLY
     Assistant United States Attorney
     555 4th Street, NW
     Washington, DC 20530
     (202) 252-2545
     wynne.kelly@usdoj.gov

*Attorneys for the Respondents*

14

I hereby certify that on July 30, 2014, I filed the foregoing document and all exhibits and attachments thereto with the Clerk of the Court through the Court's ECF system and that the foregoing document will be served electronically upon registered participants identified on the Notice of Electronic Filing.

Dated:  July 30, 2014                    /s/ Hans H. Chen
                                         HANS H. CHEN
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         District Court Section

                                         ATTORNEYS FOR RESPONDENTS